UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDWARD J. SIMON & CO.,

        Plaintiff,

     v.                                     Case No. C-1-02-698

HAMILTON COUNTY, OHIO, et al.,

        Defendants.

### ORDER

This matter is before the Court upon defendants' motion for partial summary judgment (doc. 93) and defendants' motion (1) for relief from continuing fraud on the Court, and (2) to exclude testimony of plaintiff's proposed expert witnesses L. Scott Lowe and Anthony M. Ardito (doc. 95). Plaintiff opposes both motions (docs. 100, 101, 104). The parties have filed proposed findings of fact and conclusions of law, which the opposing side has highlighted as true, false or irrelevant (docs. 103, 105).

### I. Introduction

Plaintiff Edward J. Simon and Co. brings this action against defendants Hamilton County, Ohio (County) and the Hamilton County Board of Commissioners (Board). Plaintiff brings claims for breach of contract (Count I), unjust enrichment (Count II), and negligence (Count III). Plaintiff seeks payment from defendants for work performed in connection with the construction of Paul Brown Stadium in Cincinnati, Ohio. Plaintiff

1

alleges that it executed a written contract for installation of audio visual systems for which defendant agreed to pay plaintiff $3,588,672.  Plaintiff avers that due in part to defendants' mismanagement of the stadium project and the delays and compressed completion schedules resulting therefrom, plaintiff was required to provide labor and materials and incur expenses and charges during the course of the project in amounts that exceeded the original contract sum.  Plaintiff alleges that the total for the labor and materials that it provided and the expenses and charges that it incurred is $5,131,895.40, of which defendants have paid $3,864,126.40 to date.  Plaintiff claims that it has made numerous demands for payment, but defendants have refused to make any additional payments. Plaintiff alleges that as a result of defendants' failure to pay the amounts purportedly due and owing, plaintiff's bonding capacity has been significantly impaired, plaintiff has lost business opportunities, and plaintiff's reputation has been irreparably damaged.

Defendants have brought a counterclaim alleging that plaintiff failed to perform certain work in a timely manner, in coordination with other contractors, and in a satisfactory and workmanlike manner, all in violation of the terms and conditions set out in the contract documents.  Defendants contend that plaintiff's failure to perform has caused them to incur damages, pay backcharges, and pay other trade contractors and consultants overtime and other fees, charges, and costs.

## II. Motion for partial summary judgment

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249 (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

Defendants move for summary judgment on certain elements of Count I of the complaint and on Counts II and III. Defendants assert that the Court should grant

3

summary judgment on plaintiff's claim that defendants have been unjustly enriched by receiving the benefits of plaintiff's labor, including its overtime labor, without paying for it (Count II) because the claim advances a legal theory that is contrary to Ohio law. Defendant argues that a county cannot be liable on an implied contract or under a *quantum meruit* theory by reason of benefits received. Plaintiff alleges that the existence of a contract does not prevent recovery on the theory of unjust enrichment where there is evidence of fraud, illegality, or bad faith.

Defendants contend that plaintiff cannot recover on its negligence claim (Count III) because Ohio law precludes a contractor from converting a contract claim into a tort claim in order to circumvent the terms of a contract. **See Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority,** 78 Ohio St.3d 353, 678 N.E.2d 519 (1997). Plaintiff responds that its negligence action is not barred by this proposition because there is privity of contract between plaintiff and the County, so that **Foster Wheeler** and its progeny are completely inapposite to the present case.

Defendants assert that plaintiff's remaining breach of contract claim, Count I, is the only potential basis for recovery. Defendants allege that there is no disputed material fact as to the following components of this claim: overtime premiums, labor inefficiency, excess labor rates and mark-ups from acceleration, unpaid balance and pending charges, and loss of bonding capacity. Defendants further allege that there is no dispute on the "deletion of the broadcasting cabling" element of defendants' first counterclaim.

Specifically, defendants claim that plaintiff cannot recover overtime premiums

because the parties' contract stipulates that additional or extra work must be ordered in writing, an oral directive ordering overtime by a field superintendent employed by the Construction Manager is inadequate to waive the protections of the owner, and even if oral directives were sufficient, plaintiff did not keep the paperwork necessary to determine the cost of the alleged orally authorized overtime and did not make a timely claim in accordance with the contract terms.  Defendants allege that they are entitled to summary judgment on plaintiff's claim for labor inefficiencies because this claim is dependent upon proof of entitlement to owner-compensated overtime that is directed by the owner, which proof is lacking in this case, and plaintiff cannot demonstrate a right to recovery under the contract provisions for labor inefficiencies.  Defendants also seek summary judgment on the claim for excess labor rates and mark-ups from acceleration on the ground that plaintiff incurred these costs through its own fault, i.e., by laying off a substantial part of its workforce during the project, and defendants had nothing to do with plaintiff's inability to secure adequate labor to complete its obligations under the contract.

Plaintiff argues that summary judgment is not appropriate on its claim for overtime premiums because there is clear and convincing evidence that the County waived the written change order requirement for extra work as well as the 21-day time period for submitting claims for extra work.  Plaintiff further argues that defendants are not entitled to summary judgment on its claim for labor inefficiencies because it was required to work overtime, which causes lost efficiency.  Plaintiff contends that there are genuine issues of material fact on its claims for excess labor rates and mark-ups from acceleration, which

Case: 1:02-cv-00698-HJW Doc #: 109 Filed: 10/05/05 Page: 6 of 9  PAGEID #: 1247

costs it purportedly would not have incurred if it had been able to complete its work in the normal course without delays and acceleration.

Defendants concede that there is no dispute about base bid, the cost of approved and executed charge orders, the retainage, and the contract sums paid to date, and that the unpaid balance and pending charges are $134,316.35, so that summary judgment in that amount is appropriate on those items. Plaintiff agrees that this is the amount that results when the base contract amount is added together with approved and executed change orders and retainage, minus the contract sums paid to date.

Defendants further argue that plaintiff has not established the elements of its claim for loss of bonding capacity. Plaintiff argues that it has presented competent, credible evidence of the existence and the amount of its lost profits resulting from its impaired bonding capacity.

Finally, defendants assert that there is no dispute as to the amount that represents deletion of the broadcast cabling, so that they are entitled to summary judgment in the amount of $263,612.00 on this element of their first counterclaim. Plaintiff does not dispute that broadcast cabling was deleted from its scope of work, but plaintiff suggests that judgment should not be entered on this or any of the other additive and deductive change orders until the disputes on all of these orders are resolved at trial.

The Court will deny defendants' motion for summary judgment. After a careful review of the record, it is apparent that there are numerous issues of disputed material fact underlying resolution of this lawsuit, including whether there was a waiver of contract

provisions as to overtime premiums; whether defendants' actions created labor inefficiencies; whether defendants bear any responsibility for the excess labor rates and mark-ups from acceleration; whether plaintiff can establish a loss of bonding capacity; and the total owed under the terms of the contract for the work plaintiff performed.  These are matters that must be presented to and decided by a jury.

The Court need not decide at this juncture whether plaintiff can proceed to trial on a negligence theory and whether plaintiff can pursue a claim for unjust enrichment.  The issues presented by each of plaintiff's claims are the same: i.e, (1) did the parties fulfill their obligations under the contract, and (2) what amounts are due and owing under the terms of the contract.  Plaintiff will be limited to only one recovery, no matter how many theories of liability are presented in the complaint.  Accordingly, the Court will not grant summary judgment in defendants' favor on any of plaintiff's claims or on any element of defendants' counterclaims.

### III. Motion for relief from fraud/motion to exclude expert testimony

Defendants move the Court to exclude the testimony of plaintiff's proposed expert witnesses, L. Scott Lowe and Anthony M. Ardito, and to impose whatever additional sanctions are warranted on the grounds that (1) these witnesses have relied on forged documents which the Court has suppressed in this case, and (2) their opinions fail to satisfy the requirements of Fed. R. Evid. 702 and the standards set forth in **Daubert v. Merrill Dow Pharmaceuticals,** 509 U.S. 579, 113 S.Ct. 2786 (1993).

The parties dispute whether plaintiff's proposed expert witnesses have relied on forged documents in rendering their conclusions. This is a matter that cannot be resolved on the briefs. Moreover, defendants have not established that the expert opinions of Lowe and Ardito are inadmissible because they fail to satisfy Rule 702 and **Daubert**. Defendants' arguments go largely to the weight to be afforded the experts' opinions rather than to the admissibility of the opinions. The Court will not substitute its judgment for that of the jury in this regard. Accordingly, the Court will deny defendants' motion without prejudice to defendants' ability to request the Court to conduct a voir dire of the proposed expert witnesses at trial. The Court cautions plaintiff that if it is established at trial that these experts relied on forged documents in rendering their opinions, the experts will be precluded from testifying.

## IV. Conclusion

In accordance with the foregoing, defendants' motion for partial summary judgment (doc. 93) and motion for relief from continuing fraud and to exclude the testimony of plaintiff's proposed expert witnesses (doc. 95) are **DENIED.**  This case will proceed to trial in accordance with the schedule established by the Court.

**IT IS SO ORDERED**.


      S/ Herman J. Weber
      HERMAN J. WEBER, SENIOR JUDGE
      UNITED STATES DISTRICT COURT


J:\HJWA\02-698msjfrdPUB.wpd